(128 App. Div. 42.)

PEOPLE v. NEW YORK CARBONIC ACID GAS CO. et al.

(Supreme Court, Appellate Division, Third Department. September 21, 1908.)

1. WATERS AND WATER COURSES—MINERAL SPRINGS—REGULATION—VALIDITY.

The provision in Laws 1908, p. 1221, c. 429, authorizing the Attorney General to sue in the name of the people to restrain any person from any of the unlawful acts specified in the act regulating the natural mineral springs of the state, is not an unreasonable exercise of the police power, for when the conditions justify the regulation of such springs the Legislature may determine in what manner such regulations shall be enforced.

2. INJUNCTION—TEMPORARY INJUNCTION—SECURITY.

Ordinarily a temporary injunction is only granted on security to the party enjoined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 323.]

3. SAME.

In an action by the people to restrain the violation of Laws 1908, p. 1221, c. 429, regulating natural mineral springs of the state, brought before the constitutionality of the act had been established by the court of last resort, the trial court, as a matter of discretion, should not enjoin defendant in the prosecution of his ordinary business during the pendency of the action; the people not giving security.

Appeal from Special Term.

Separate actions by the People against the New York Carbonic Acid Gas Company, the Geysers Natural Gas Company, the Lincoln Spring Gas Company, the Natural Carbonic Gas Company, Mary Augusta Patterson, and Harry M. Levengston. From orders granting temporary injunctions, defendants appeal. Reversed, and injunctions vacated.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

E. T. Brackett, for appellants New York Carbonic Acid Gas Co., Geysers Natural Gas Co., and Lincoln Spring Gas Co.

Charles M. Davison, for appellant Patterson.

W. P. Butler, for appellant Levengston.

William S. Jackson, Atty. Gen., and Charles P. Williams, Deputy (C. C. Lester, J. Newton Fiero, and Rockwood, Scott & McKelvey, of counsel), for the People.

JOHN M. KELLOGG, J. In Hathorn v. Natural Carbonic Gas Company, 112 N. Y. Supp. 374, decided at this term of court, it was held in substance that some of the acts mentioned in the complaint in the above cases may be enjoined, and that chapter 429, p. 1221, of the Laws of 1908 made such acts unlawful, and in the respects indicated

said statute was a proper exercise of the police power of the state. If the conditions existing justified the regulation of the natural springs of the state, it would follow that the Legislature likewise would have power to determine in what manner such regulation should be enforced, and a determination as provided in the act that the people may maintain the action is not an unreasonable exercise of the police power. These actions are, therefore, properly brought in the name of the people as plaintiffs.

Ordinarily a temporary injunction is only granted upon security to the party enjoined, so that in a manner both parties take some chances in the litigation. Here the various spring owners and taxpayers have the right to maintain actions and make application for temporary injunctions during the pendency thereof upon giving proper security. In these cases the people have not given security and cannot be required so to do.

Until the constitutionality of the law is established by the court of last resort it seems a hardship to enjoin the greater part of defendants' business, with no indemnity in case they are finally successful. As a matter of discretion the defendants should not be enjoined in the prosecution of their ordinary business during the pendency of the action without security.

The orders appealed from are therefore reversed, without costs, and the injunctions vacated. All concur; COCHRANE, J., in result.